*1238 OPINION.
Green:
We have here the anomalous situation of the petitioner attacking the validity of the very thing which it relies upon in support of its allegation of error. The fourth assignment of error, and the first to be here considered, is that the Commissioner has overstated the net income for each of the years and period under consideration; and the facts set out in subdivision 4 of paragraph 5 of the petition, upon which the petitioner relies to support the assignment of error, are as follows:
In accordance with both the results and method employed by the Commissioner in redetermining the value of the inventories pertinent to the tax periods set forth in paragraph 3 of this petition, he should have determined the cost of the cotton cloth sold as follows:
*1239 [Here follows a computation of the cost of goods sold, for each of the years and period under consideration, according to the method used by the Commissioner in the revaluation of the inventories.]
In other words, the petitioner does not dispute the correctness of the inventory values determined upon by the Commissioner, but raises the issue that the Commissioner should have determined the cost of goods sold, not upon the basis of inventories, but by resort to the unit cost of production determined in the same manner as the Commissioner has determined the unit cost of finished goods in the closing inventory. Yet, during the hearing of the appeal, counsel for petitioner devoted nearly his entire time to an effort to prove that the method used by the Commissioner for the revaluation of inventories was theoretically wrong from the standpoint of sound principles of cost accounting. His entire brief, filed after the oral hearing, is devoted to an earnest attack, not only upon the method, but also upon the inventory values reached by the Commissioner through the use of that method. Furthermore, at no time in this proceeding has the petitioner contended that the method used by the Commissioner for the determination of the cost of goods sold is incorrect or not in accordance with sound accounting principles; nor has it contended that the results obtained by the Commissioner through the use of that method are incorrect, except for such inference as may be drawn from the contention contained in the brief, filed after the hearing, that the inventories used by the Commissioner for the determination of the cost of goods sold are incorrect because of the method employed by the Commissioner in ascertaining their cost values. Taking the record as a whole, for it could never be discovered from the pleadings alone, the petitioner’s position appears to be that the method employed by the Commissioner for the revaluation of inventories is wrong and that the results obtained from the use of such method are incorrect; but, in any event, the same method should be used for the purpose of ascertaining the cost of goods sold for each of the years and period under consideration.
A greater responsibility rests upon the petitioner than the mere proving that the methods used by the Commissioner are wrong. We can not assume, though the petitioner succeed in proving the fallacy of the Commissioner’s methods, that the results obtained thereby are necessarily incorrect. That is something which, if true, the petitioner must establish by competent evidence. We are not so much concerned with the methods employed as we are with the results obtained through the use of the methods. Hot a shred of evidence was offered by the petitioner to show that the cost of goods sold, for the years and period under consideration, was something other than that determined by the Commissioner. In fact, we have *1240 not been advised what the Commissioner’s determination was in that respect. As for the inventory values determined by the Commissioner, on the basis of cost, though it would be sufficient to state that no issue was raised in the pleadings in respect of them, the petitioner has not established that they are incorrect, notwithstanding that there may be faults in the method employed by the Commissioner in their revaluation. On the record confronting us, we must hold that the petitioner has failed to prove the allegation of error that the Commissioner has overstated the net income for each of the years and period under consideration.
In the fifth assignment of error the petitioner alleges that the Commissioner should have determined the profits-tax liability for the fiscal year 1920 in accordance with the provisions of section 328 of the Revenue Act of 1918. No facts are set out in the petition in support of this assignment of error; nor has the petitioner offered any evidence whatever to show that it falls within any of the provisions of section 321 of the Revenue Act of 1918 which would entitle it to have its profits taxes determined under the provisions of the relief section. The issue must be decided adversely to the petitioner.
The Commissioner’s amended answer, in which he asserts an additional deficiency of $53,039.21, raises the issue as to the amount of the net income for the short period January 1 to September 30, 1918. The petitioner had established an annual accounting period ending September 30. Its return for the taxable year 1917 was filed on a calendar year basis; but under the provisions of section 212(b) it was required to compute its net income for the taxable year 1918 upon the basis of its annual accounting period, which was the fiscal year ending September 30. Therefore, the petitioner filed a return for the short period January 1 to September 30, 1918. The Commissioner determined the net income of the short period as being nine-twelfths of the net income of the full fiscal year ended September 30, 1918, plus the increase occasioned by adjustments of the inventories of December 31, 1917, and September 30, 1918, respectively, or $666,545.45, which is the net income shown in the deficiency letter. An inventory of merchandise and supplies was taken by the petitioner and its books closed as of December 31, 1917; therefore, the actual net income of the short period January 1 to September 30, 1918, was susceptible of determination. The Commissioner has determined that net income to be $718,881.22, and, in his amended answer, asks the Board to determine the deficiency for the period January 1 to September 30, 1918, upon the basis of a net income in the amount last stated. More definitely, the issue is whether the net income of the nine-month period January 1 to *1241 September 80, 1918, is nine-twelfths of the net income of the full fiscal year ended September 30, 1918, or the net income actually earned during the nine-month period.
In Appeal of Henry D. Weed, 2 B. T. A. 84, we held that an individual who kept his books of account upon the basis of a fiscal year, but made his income-tax returns for 1917 and prior years on the basis of a calendar year, was required to file an income-tax return for the short period from the beginning of the calendar year in which the fiscal year ended to the end of the fiscal year, and that his tax liability upon such return should be computed in the manner outlined in section 226 of the Revenue Act of 1918. Our decision in that case is equally applicable to the facts in this. The petitioner should have filed a return for the nine-month period January 1 to September 30, 1918, showing a net income which, under the provisions of section 226 “ shall be computed on the basis of such period for which separate return is made.” Since an inventory of merchandise and supplies was taken by the petitioner and its books of account were closed as of December 31,1917, it is obvious that the net income of the nine-month period January 1 to September 30, 1918, is susceptible of ascertainment without resort to any method of prorating the income of the twelve-month period ended September 30, 1918. Such being the case, the net income of the period in question should be redetermined solely upon the basis of the results of the business operations of that period, independently of all others, and in accordance with the method of accounting employed in keeping the books of account. Whether the computation of the net income and the tax liability for the period January 1 to September 30, 1918, in accordance with this opinion, will serve to increase or decrease the deficiency found by the Commissioner, we must leave for a Rule 50 determination. The Commissioner in his computation of the value of inventories followed a cost accounting method. Such a method may produce a correct valuation of the inventories. However, if the amount of the increase in the value of inventories thus obtained is added to the petitioner’s net income, other adjustments of gross income must be made in order to clearly reflect'the petitioner’s net income. If this has not been done, it may be done by the parties in their recomputation hereunder.
Except for the increase, if any, in the deficiency which may result from a recomputation of the tax liability for the period January 1 to September 30, 1918, in accordance with the method above outlined, the additional deficiency asserted by the Commissioner, in his amended answer, must be disallowed, since the Commissioner has failed to show by proper proof the existence of a greater deficiency than that shown in the deficiency letter, and obviously the burden of proof thereof is upon him. The only evidence offered by the *1242 Commissioner, in support of the additional deficiency, was the testimony of an auditor of the Bureau of Internal Revenue to the effect that the recomputations of the tax liability, for each of the years and period involved, shown in an amended statement furnished to the petitioner, and admitted in evidence as one of petitioner’s exhibits, are correct and the deficiencies shown therein are the correct deficiencies. Examination of this statement reveals several adjustments in the net income and invested capital of the several years and period under consideration, none of which were explained to this Board, or justified by affirmative proof.
The second assignment of error set out in the petition is that the consolidated excess-profits tax for the year 1917 was not apportioned by the Commissioner between the petitioner and its subsidiary, the Silver Creek Co. During the hearing the parties reached an agreement that the tax may be apportioned between the two companies on the basis that the net income of each bears to the consolidated net income.

Judgment will be entered after W days' notice, under Rule 50.